UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REZA CONWELL TATUM,

    Petitioner,

v.

    CASE NO. 5:10-CV-11383
    HONORABLE JOHN CORBETT O'MEARA
    UNITED STATES DISTRICT JUDGE

GREGORY McQUIGGIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Reza Conwell Tatum, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; felon in possession of a firearm, M.C.L.A. 750.224f; felonious assault, M.C.L.A. 750.82; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of the above charges following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the

Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was convicted of feloniously assaulting Stephen Pruitt and shooting Timothy Brown on September 25, 2006. Pruitt was the brother of defendant's former girlfriend, Melanie Sims. There was a history of hostility between defendant and Sims's family. Pruitt was previously acquitted of charges related to a shooting incident at defendant's house in March 2006. Defendant was previously convicted of home invasion in relation to an incident at Sims's house in February 2006. In July 2006, defendant was sentenced to three years' probation for the home invasion conviction, with the first 12 months to be served in the county jail. He was granted a work release on September 13, 2006. On September 25, 2006, defendant became involved in a confrontation with Sims's mother, Kathleen, who lived next door to defendant, following which Pruitt and Brown intervened. Defendant eventually went inside his house, obtained a shotgun, and shot Brown in the abdomen. Defendant also fired a shot at Kathleen's house while Pruitt was on the porch.

*People v. Tatum,* No. 279720, * 1 (Mich.Ct. App. February 19, 2009).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 485 Mich. 1008, 775 N.W.2d 757 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Petitioner is unconstitutionally being kept in violation of his state and federal due process rights, because the verdict rests against the great weight of evidence.

II. Defendant was denied his right to confrontation by the introduction of hearsay testimony and expert testimony based on dictation not written by the Dr. Taylor himself. U.S. Const. Am VI and Which lead to incorrect scoring of OV 3 at 25 points.

III. The trial court violated Petitioner's state and federal constitutional rights by incorrectly scoring Petitioner's OV 13 where the number of people being involved constitutes a pattern of felonious criminal activity.

IV. The trial court erred in failing to give Mr. Tatum credit toward his

minimum term for the 301 days he served in jail pending sentencing in this case. Although Mr. Tatum was on probation when he committed this offense, there is no evidence any additional time was added to his prior sentence when his probation on that sentence was revoked. The failure to grant credit toward the minimum sentence violates Michigan law regarding consecutive sentencing and jail credit.

V. Mr. Tatum's constitutional double jeopardy, due process, and equal protection guarantees were violated where he received no credit against the new minimum sentence for a crime committed while on parole, U.S. Const. 1963, Art 1 §§§ 15, 17, 20.

VI. Petitioner was deprived of his liberty without due process of law as guaranteed by the federal and state constitutions where the Petitioner did not receive effective assistance of trial counsel. U.S. Const. Ams. VI, XIV: Const. 1963, Art 1, §§ 17, and 20.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has

3

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

  The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

**A.  Claim # 1.  The great weight of the evidence claim.**

Petitioner first claims that the trial court judge's verdict was against the great

weight of the evidence because he presented evidence at trial that he acted in self-defense. In rejecting this claim, the Michigan Court of Appeals ruled:

> The trial court found that defendant's actions were "not reasonable" because they were "motivated by his frustrations and feelings" regarding his history with Sims and her family, not by an honest and reasonable belief that the use of deadly force was necessary to prevent imminent death or great bodily harm. This finding is not against the great weight of the evidence. Kathleen testified that defendant approached her and threatened her family before the incident. The prosecution's witnesses testified that defendant initiated the confrontation by arguing with and threatening Pruitt and Kathleen Sims, and by hitting Timothy Brown with a shoe. They also testified that defendant escalated the conflict by obtaining a shotgun, although neither Pruitt nor Brown were armed. Although defendant claimed that Pruitt was armed with a gun, he also stated that he did not feel threatened because Pruitt was not aiming the gun. He stated that he believed that Brown posed the more serious threat. There was also substantial evidence of longstanding animosity between defendant and persons associated with Melanie Sims. Defendant believed that he had been unjustly convicted of home invasion, and that Pruitt and Brown's son, Timothy Bennett, had escaped justice for the March 2006 shooting incident at defendant's house. This evidence supports the trial court's rejection of defendant's self-defense claim.

*Tatum,* Slip. Op. at * 2.

A federal habeas court has no power to grant habeas relief on the ground that a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002); *See also Artis v. Collins,* 14 Fed. Appx. 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence). A claim that a verdict went against the great weight of the evidence is not of constitutional dimension, for habeas corpus purposes, unless the record is so devoid of evidentiary support that a due process issue is

raised. *Cukaj,* 305 F. Supp. 2d at 796; *See also Crenshaw v. Renico*, 261 F. Supp. 2d 826, 834 (E.D. Mich. 2003). The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648. As long as there is sufficient evidence to convict petitioner of these crimes, the fact that the verdict may have gone against the great weight of the evidence would not entitle him to habeas relief. *Id.*

Petitioner is not entitled to habeas relief on his great weight of the evidence claim, because there was sufficient evidence for the judge to reject his self-defense claim and to convict him of the various assault and weapons offenses.

In reviewing a habeas petitioner's claim that the evidence was insufficient to convict him, a federal court is "bound by two layers of deference to groups who might view facts differently than" the court would. *Brown v. Konteh,* 567 F. 3d 191, 205 (6th Cir. 2009). First, as in all sufficiency of evidence challenges, a court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* (*citing United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)). Therefore, even if a federal habeas court might have not convicted the defendant had it been the factfinder in the state court, it must uphold the verdict if any rational trier of fact could have found the defendant guilty

after resolving all factual disputes in favor of the prosecution. Secondly, even if a federal habeas court concludes that a rational trier of fact could not have found a habeas petitioner guilty beyond a reasonable doubt, on habeas review, the court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown,* 567 F. 3d at 205.

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing *People v. Heflin*, 434 Mich. 482; 456 N.W. 2d 10 (1990)).

In the present case, there was sufficient evidence for the trial court judge, sitting as the finder of fact, to determine that petitioner did not act in self-defense. Several witnesses testified that petitioner started the confrontation by arguing with and threatening Pruitt and Kathleen Sims and by subsequently hitting Timothy Brown with a shoe. There was testimony that petitioner escalated the conflict by obtaining a shotgun from his home before shooting at Pruitt and Brown. Several of the prosecution witnesses testified that neither Pruitt nor Brown were armed with a weapon. In rejecting petitioner's self-defense claim, the trial court specifically found that neither Pruitt nor Brown was not armed with a firearm at the time that petitioner retrieved his shotgun from the house before returning outside to fire the weapon at the two victims. (Tr. 6/19/2007, pp. 58-59). Finally, although petitioner testified that Pruitt was armed with a

gun, he also testified that he did not feel threatened because Pruitt was not aiming the gun.

Petitioner's sufficiency of evidence claim essentially amounts to a challenge to the trial court judge's credibility determination. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Id.*

In the present case, several witnesses testified that petitioner initiated the confrontation, that the victims were not armed with weapons, and that petitioner escalated the incident by going into his house to obtain a shotgun, even though the victims were unarmed at the time. Although petitioner presented evidence and testimony that he had acted in self-defense, when evidence in a bench trial "consists largely of contradictory oral evidence, due regard must be accorded the trial court's opportunity to judge the credibility of witnesses." *Bryan v. Government of Virgin Islands,* 150 F. Supp. 2d 821, 827 (D. Virgin Islands 2001). In this case, the trial court judge chose to credit the prosecution witnesses' testimony and not to believe petitioner's version of events. This Court must defer to the trial court's finding beyond a reasonable doubt that the prosecution witnesses were credible. *Id.* at 828. Any insufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the finder of

fact. Petitioner is therefore not entitled to habeas relief on his first claim. *See Tyler v. Mitchell,* 416 F. 3d 500, 505 (6th Cir. 2005).

### B. Claim # 2. The Confrontation Clause claim.

Defendant next argues that his right to confrontation was violated when Dr. Daniel Taylor was allowed to testify from a medical dictation made by a resident, Dr. Smith, concerning the medical treatment of Timothy Brown.

The Michigan Court of Appeals rejected petitioner's claim, finding that Dr. Smith's medical dictation fell within the business records exception contained within M.R.E. 803(6), because Dr. Taylor testified that the dictation was made and kept in the ordinary course of the hospital's business. *Tatum,* Slip. Op. at * 3. The Michigan Court of Appeals further concluded that to the extent that Dr. Smith's dictation referred to statements made by Brown to Dr. Smith concerning his condition, those remarks qualified as statements made for purposes of medical treatment and diagnosis, which are admissible pursuant to M.R.E. 803(4). *Id.*

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. *See Crawford v. Washington,* 541 U.S. 36 (2004). However, the Confrontation Clause is not implicated, and thus does not need not be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 547 U. S. 813, 823-26 (2006); *See also Desai v. Booker,* 538 F.3d 424, 425-26 (6th Cir.

10

2008). Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Crawford,* 541 U.S. at 51-52, 56.

Dr. Smith's medical dictation was admissible under the business records exception to the hearsay rule found in M.R.E. 803(6). Because the medical dictation qualified as a business record, it was non-testimonial statement and its admission did not violate the Confrontation Clause. *See U.S. v. Baker,* 458 F. 3d 513, 519 (6th Cir. 2006). Likewise, any statements made by Timothy Brown to Dr. Smith were made in the course of Brown's medical treatment and diagnosis and were thus admissible pursuant to M.R.E. 803(4). Medical reports that are created for treatment purposes are not considered testimonial by the Supreme Court. *See Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527, 2533, n. 2 (2009). Accordingly, the admission of Dr. Smith's medical report did not violate petitioner's Sixth Amendment right to confrontation.

Petitioner's claim is finally defeated by the fact that his primary argument seems to be that the trial court used Dr. Taylor's testimony concerning Dr. Smith's medical report at sentencing to score one of the sentencing guidelines variables. The Sixth Amendment Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings. *See U.S. v. Paull,* 551 F. 3d 516, 527-28 (6th Cir. 2009); *United States v. Katzopoulos*, 437 F. 3d 569, 576 (6th Cir. 2006); *United States v. Stone*, 432 F. 3d 651, 654 (6th Cir. 2005). Petitioner is not entitled to habeas relief on his claim.

**C.   Claim # 3.   The sentencing guidelines claim.**

Petitioner next contends that the trial court incorrectly scored Offense Variable 13 of the Michigan Sentencing Guidelines.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 908-09 (E.D. Mich. 2006)(federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range would not merit habeas relief. *Id.*

**D. Claims # 4 and # 5. The sentencing credits claims.**

In his fourth and fifth claims, petitioner contends that the trial court erred in refusing to grant him 301 days credit. Petitioner committed the offenses that he

12

challenges in his current petition while on work release status for a probationary jail sentence imposed for a prior home invasion conviction. After being charged with these new offenses, petitioner's work release status was revoked and petitioner was incarcerated in the county jail to serve the remaining portion of his probationary jail term. Petitioner claims that he should have received sentencing credit for his new offenses for the time that he was incarcerated for violating the terms of his probation on his earlier home invasion conviction.

A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(*citing Hansard v. Barrett,* 980 F. 2d 1059, 1062 (6th Cir.1992)). Because petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is noncognizable on federal habeas review. *See Howard v. White,* 76 Fed. Appx. at 53; *See also Grays v. Lafler,* 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008)(rejecting claim that the failure to award sentencing credits violated the habeas petitioner's double jeopardy rights). Petitioner is not entitled to habeas relief on these two claims.

**E. Claim # 6. The ineffective assistance of counsel claim.**

In his sixth claim, petitioner contends that he was deprived of the effective assistance of appellate and trial counsel. Petitioner claims that his trial counsel was ineffective for failing to introduce evidence that petitioner had obtained a personal protection order (P.P.O.) against Stephen Pruitt, one of the victims in this case, on September 22, 2006. Petitioner claims that this evidence would have established that he

was afraid of the victims, which would have bolstered his self-defense argument. Petitioner also claims that the P.P.O. would have served as mitigating evidence at his sentencing. Petitioner further argues that appellate counsel was ineffective for failing to raise on appeal trial counsel's failure to introduce the P.P.O. at trial.

Petitioner raised his sixth claim only for the first time before the Michigan Supreme Court. Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his ineffective assistance of counsel claim in his appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Farley v. Lafler,* 193 Fed.Appx. 543, 549 (6th Cir. 2006).

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's claim lacks merit, in the interests of efficiency and justice, the Court will address petitioner's claim, rather than dismiss the petition on exhaustion grounds. *Welch v. Burke*, 49 F. Supp. 2d 992, 998

(E.D. Mich. 1999).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner is not entitled to habeas relief on his sixth claim because he has failed to show that the result of his trial or sentencing would have been different had trial

counsel introduced evidence of the P.P.O. at trial or at sentencing. At trial, petitioner's counsel introduced evidence that Timothy Bennett, the son of Timothy Brown, and Stephen Pruitt, had shot up petitioner's house on March 3, 2006 and had been charged with this offense. Counsel also introduced evidence that on the day of the shooting, petitioner caught Timothy Brown in his yard and discovered that his telephone lines had been cut. Petitioner also caught Brown and Pruitt vandalizing his truck the same day.

Petitioner was not prejudiced by counsel's failure to introduce evidence that petitioner had obtained a P.P.O. against Stephen Pruitt, because this evidence was cumulative of other evidence that was presented at trial in support of petitioner's self-defense claim. *See Wong v. Belmontes,* 130 S. Ct. at 387-88. In this case, the judge, as finder of fact, had significant evidence presented to him that Stephen Pruitt, Timothy Brown, and Brown's son, had assaulted petitioner or damaged his property in the past, so as to support petitioner's claim of self-defense. Because the judge was "well acquainted" with evidence that would have supported petitioner's self-defense claim, additional evidence in support of petitioner's defense, either at trial, or at sentencing, "would have offered an insignificant benefit, if any at all." *Wong,* 130 S. Ct. at 388.

Because petitioner has failed to show that his trial counsel was ineffective, petitioner is unable to establish that appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim on his appeal of right. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/John Corbett O'Meara<br>United States District Judge

Date:  February 9, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 9, 2011, using the ECF system, and upon Petitioner at Chippewa Correctional Facility (URF), 4269 W. M-80, Kincheloe, MI 49784 by first-class U.S. mail.

s/William Barkholz<br>Case Manager